UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, AND APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND et al.,

Petitioners,

v.

F.I.P., INC.,

Respondent.

25 Civ. 8336 (DEH)

**OPINION AND ORDER**

DALE E. HO, United States District Judge:

Before the Court is a Petition to confirm an arbitration award. Petitioners are the Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund, the Trustees of the New York City Carpenters Relief and Charity Fund, and The Carpenter Contractor Alliance of Metropolitan New York (collectively, the "Funds" or "Petitioners"). Respondent is F.I.P., Inc. ("F.I.P." or "Respondent"). Pet. to Confirm Arbitration Award ("Pet.") ¶ 1, ECF No. 1. F.I.P. has not timely opposed to the Petition, and has not appeared in this action. Treating the Petition as unopposed, the Court concludes that there was no error in the underlying arbitration. Therefore, the Petition is **GRANTED**, and Petitioner is awarded fees and costs as described herein.

## BACKGROUND

F.I.P. is a New York business corporation that maintains its principal place of business at 469 Westview Avenue, Englewood, New Jersey 07631. Pet. ¶ 7. On or around October 5, 2015, Respondent executed an Independent Building Construction Agreement (the "CBA") with one of

the Petitioners, New York City District Council of Carpenters (the "Union"), covering the period of July 1, 2017 through June 30, 2024. *See* Pet. ¶ 9; Pet. Ex. B, at 1, 60, ECF No. 1-2. According to an Extension and Compliance Agreement entered into on or around October 7, 2015, the CBA remains in full force and effect until a successor agreement was adopted by the Union. *See* Pet. ¶ 9; Pet. Ex. A, at 7, ECF No. 1-1.[1] Further, the CBA provides that it renews automatically on an annual basis after June 30, 2024, unless notice is timely provided by either party that the party seeks to negotiate a new contract. Pet. Ex. B, at Art. IX. The CBA requires the Respondent to make contributions to the Funds for all work within the trade and geographical jurisdiction of the Union. Pet. ¶ 12; Pet. Ex. B, at Art. XV, § 1. The CBA also requires Respondent to make its books and payroll records available to the Funds upon request for purposes of auditing its compliance with benefit fund contribution obligations. Pet. ¶ 13; Pet. Ex. B, at Art. XV, § 1. Additionally, the CBA binds employers to the documents, policies, and regulations, adopted by the Funds' Trustees, including the Funds' Revised Statement of Policy for Collection of Employer Contributions (the "Collection Policy"). *See* Pet. ¶¶ 14-15; Pet. Exs. C-G. ECF Nos. 1-3 through 1-7.

The Collection Policy authorizes the Funds' outside accounting firms to periodically audit the books and records of all signatory employers. Pet. ¶ 18; Pet. Ex. G, at § IV(1). If an employer refuses to permit an audit or denies auditors access to pertinent records, the Collection Policy empowers the Fund Office to calculate an estimated deficiency based on the assumption that the employer's weekly hours subject to contributions were equal to the highest average weekly hours reported during any four consecutive weeks in the audit period. Pet. ¶ 19; Pet. Ex. G, at § IV(12). Such a determination constitutes "presumptive evidence of delinquency." Pet. Ex. G, at § IV(12).

---

[1] Page numbers for this document are in reference to ECF-stamped numeration.

The Collection Policy also provides for the arbitration of contribution disputes before a designated panel of arbitrators. Pet. ¶¶ 16-17; Pet. Ex. G, at § VI(1)-(2).

At some point, the Funds requested that Respondent submit to an audit covering the period from June 27, 2022 through the then present date. *See* Pet. ¶ 23. Respondent refused to comply with the audit request. Pet. ¶¶ 24-25. In light of Respondent's refusal, the Funds conducted an estimated audit pursuant to the Collection Policy, which identified a principal contribution deficiency of $139,353.22. Pet. ¶ 25; Pet. Ex. H, ECF No. 1-8. The Funds' calculation was based on an average of $1,284.73 in weekly contributions derived from the four highest consecutive weeks (06/11/23-07/02/23) reported during the relevant audit period. *See* Pet. Ex. H.

Pursuant to the CBA and Collection Policy, the Funds initiated arbitration before Arbitrator Steven Kasarda, who mailed a Notice of Hearing to Respondent. Pet. ¶ 26; Pet. Ex. I, ECF No. 1-9. On December 17, 2024, Arbitrator Kasarda held a hearing and, on January 17, 2025, issued a written opinion and award (the "Award") in favor of the Funds. *See* Pet. ¶ 27; Pet. Ex. J, ECF No. 1-10. The Arbitrator found that Respondent had violated the CBA and directed Respondent to pay the total sum of $187,910.64, consisting of: (1) the estimated principal deficiency of $139,353.22; (2) interest of $17,786.78; (3) liquidated damages of $27,870.64; (4) attorney's fees of $1,500.00; (5) arbitration costs of $1,000.00; and (6) court costs of $400. Pet. ¶ 28; Pet. Ex. J, at 2. The Award further directed Respondent to produce its books and records within thirty days, and provided for pre-judgment interest to accrue at annual rate of 9.50% from January 17, 2025 through the date of judgment. Pet. ¶¶ 29-30; Pet. Ex. J, at 3.

On February 20, 2025, Mary 7, 2025, April 8, 2025, and August 27, 2025, Petitioners served Respondent with the Award and a demand for payment via certified mail and electronic mail. Pet. ¶ 31; Pet. Ex. K, ECF No. 1-11. Respondent has neither paid any portion of the Award nor complied with its audit and records-production obligations. Pet. ¶ 32. The Award has not

been vacated, modified, or corrected, and no application for such relief is pending. *Id.* ¶ 33. Petitioners filed this Petition within the one-year statute of limitations applicable to petitions to confirm an arbitration award. *Id.* ¶ 34.

Petitioners now ask the Court confirm the arbitration award and have judgment entered in the amount of $187,910.64, plus pre-judgement interest at the rate of 9.5% per year and post-judgement interest at the statutory rate. *Id.* ¶ 45. Additionally, Petitioners seek to order Respondent to make its books and records available to Petitioners, and to be awarded $1,690.20 in attorney's fees and $134 in costs arising out of the Petition. *Id.*

By Order dated October 15, 2025, this Court ordered F.I.P. to respond to the Petition by November 26, 2025. ECF No. 7. To date, no response has been filed and F.I.P. has not made an appearance in this action.

**LEGAL STANDARD**

Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, "provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Trs. of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Hera Sports Surfaces LLC*, No. 23 Civ. 10800, 2025 WL 1326998, at *2 (S.D.N.Y. May 7, 2025).[2] The scope of a court's review of a final arbitration award under the LMRA is "severely limited so as not to frustrate the twin goals of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation." *United Bhd. of Carpenters & Joiners of Am. v. Tappan Zee Constructors, LLC*, 804 F.3d 270, 274-75 (2d Cir. 2015). There is a strong federal policy in favor of enforcing

---

[2] All references to Rules are to the Federal Rules of Civil Procedure. In all quotations from cases, the Court omits citations, alterations, emphases, internal quotation marks, and ellipses, unless otherwise indicated.

arbitration awards in labor disputes, and judicial review of arbitration awards in labor contexts is "among the most deferential in the law." *Trs. of New York City Dist. Council of Carpenters Pension Fund v. Megrant Corp.,* No. 21 Civ. 1336, 2026 WL 252510, at *3 (S.D.N.Y. Jan. 30, 2026). An arbitration award in a labor dispute is enforceable as long as it "draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's own brand of industrial justice." *Hera Sports Surfaces LLC*, 2025 WL 1326998, at *2. A reviewing court must confirm an arbitration award as long as the arbitrator "is even arguably construing or applying the contract and acting within the scope of his authority," barring circumstances such as fraud or where the arbitration decision violates public policy. *Id.* In other words, an award must be confirmed if there is even a "barely colorable justification" for the outcome. *Trs. of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Rici Corp.*, No. 25 Civ. 7769, 2026 WL 1536853, at *2 (S.D.N.Y. June 1, 2026).

As is the case here, when a petition to confirm an arbitration award is unanswered, district courts generally treat petitions as unopposed motions for summary judgement. *See Hera Sports Surfaces LLC*, 2025 WL 1326998, at *2; *see Rici Corp.* 2026 WL 1536853, at *2. Confirmation is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court," and that court "must grant the award unless [it] is vacated, modified, or corrected." *Rici Corp.* 2026 WL 1536853, at *2 (quoting *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006)). While default judgments in confirmation or vacatur proceedings are "generally inappropriate," "the showing required to avoid confirmation is very high." *D.H. Blair*, 462 F.3d. at 109-10.

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also*

*Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "In moving for summary judgment against a party who will bear the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of evidence to support an essential element of the nonmoving party's claim." *Goenaga v. Mar. of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995) (citing *Celotex*, 477 U.S. at 322-23).

## DISCUSSION

In addition to confirmation of the arbitration award, Petitioners seek pre- and post-judgment interest, attorney's fees, and costs. As explained herein, the Court concludes that Petitioners are entitled to all of the above relief.

### I. Confirmation of the Arbitration Award

Applying the deferential standard set forth above, the Court concludes that the Award should be confirmed. The record establishes that the Respondent is bound by the CBA and the incorporated documents, policies, and regulations adopted by the Funds' Trustees, as well as the Collection Policy, which provide for the arbitration of disputes between parties. Pet. ¶¶ 9-17. The dispute submitted to arbitration fell clearly within the scope of those documents: when F.I.P. refused to permit the Funds to audit its books and records, the Funds calculated an estimated deficiency and demanded arbitration, exactly as the CBA and Collection Policy outline. Pet. ¶¶ 18-20, 23-25. The arbitrator, Steven Kasarda, in turn, grounded the Award in the express terms of those agreements. He determined that F.I.P. had violated the CBA by failing to submit to the audit, applied the Collection Policy's estimated-audit methodology to fix the principal deficiency at $139,353.22, and calculated the remaining components of the Award—interest,

liquidated damages, attorney's fees, court costs, and arbitration costs—in accordance with the formula set forth in the governing documents. Pet. ¶¶ 25, 27-30; Pet. Ex. J.

Because Respondent has not appeared, the Court treats the Petition as an unopposed motion for summary judgment and asks only whether the undisputed facts entitle Petitioners to judgment as a matter of law. *Hera Sports Surfaces LLC*, 2025 WL 1326998, at *2; *see Rici Corp.*, 2026 WL 1536853, at *2. Based on the facts set forth above, the Court can identify no basis to disturb the Award, much less the "very high" showing required to avoid confirmation. *D.H. Blair & Co.*, 462 F.3d. at 110. For example, there is no reason to question the validity of the Award, as it has not been vacated, modified, or corrected, and no application for such relief is pending. Pet. ¶ 33. Nor is there evidence that the arbitrator was acting outside the scope of his authority. *Hera Sports Surfaces LLC*, 2025 WL 1326998, at *2. Nothing in the substance of the Award suggests that the arbitrator dispensed his "own brand of industrial justice" rather than enforcing the parties' agreement. *Id*. To the contrary, the Award rests on the undisputed evidence presented at the arbitration hearing and is grounded in the CBA and Collection Policy. There is, accordingly, far more than the "barely colorable justification" required to sustain it. *Rici Corp.*, 2026 WL 1536853, at *2.

The Petition is therefore granted, and the Award is confirmed in all respects, including the directive that Respondent produce its books and records within thirty days for purposes of the audit.

## II. Attorney's Fees and Cost

Petitioners also seek the attorney's fees and costs incurred in bringing this proceeding. Although the LMRA does not itself authorize a fee award, courts in this district "have routinely awarded attorney's fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it." *Trs. of New York City Dist. Council of Carpenters*

*Pension Fund, Welfare Fund v. All. Workroom Corp.*, No. 13 Civ. 5096, 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013). That principle applies here. Respondent neither complied with the Award nor moved to vacate it and has offered no justification for its refusal to pay. *See* Pet. ¶¶ 32-33. An award of fees and costs is therefore warranted. *See Megrant Corp.,* 2026 WL 252510, at *6-*7 (awarding attorney's fees and costs where a party merely refused to abide by an arbitrator's award without challenging or seeking to vacate it).

The Court further finds the requested amounts reasonable. Reasonable attorney's fees are calculated using the lodestar method, which multiplies the hours reasonably expended by a reasonable hourly rate. *See McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006). Petitioners' counsel spent 5.4 hours on this matter at rates ranging from $163 to $430 per hour, yielding a total of $1,690.20. *See* Pet. ¶¶ 38-43; Pet. Ex. L, ECF No. 1-12. These hours are modest and appropriate for an uncontested petition of this kind, and the rates are consistent with those regularly approved in this district for comparable work. *See, e.g., Rici Corp.*, 2026 WL 1536853, at *3 (awarding $1,235 in attorney's fees for 3.8 hours of work at a rate of $325 per hour); *Hera Sports Surfaces LLC*, 2025 WL 1326998, at *3 (awarding $1,829 in attorney's fees for 5.9 hours of work at a rate of $310 per hour). The Court likewise grants Petitioners' request for $134 in costs, as service and filing fees are routinely recoverable in these proceedings. *See, e.g., New York City & Vicinity Dist. Council of Carpenters v. Plaza Constr. Grp., Inc.*, No. 16 Civ. 1115, 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016).

## III. Pre- and Post-Judgment Interest

Finally, Petitioners are entitled to interest. Consistent with the Award and the rate fixed in the Collection Policy, pre-judgment interest shall accrue on the Award at 9.50% per annum from the date of the Award through the date judgment is entered. Pet. ¶ 30; Pet. Ex. J. Petitioners are also entitled to post-judgment interest, which is mandatory and accrues at the statutory rate from

the date of judgment until the Award is paid in full. 28 U.S.C. § 1961(a); *Trs. of New York City Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining Educ. & Indus. Fund v. Furniture Bus. Sols., LLC*, No. 20 Civ. 2867, 2020 WL 6525466, at *3-*6 (S.D.N.Y. Nov. 5, 2020) (granting post-judgment interest rate on an arbitral award pursuant to 28 U.S.C. § 1961).

## CONCLUSION

For the foregoing reasons, the Petition is **GRANTED** and Petitioners are awarded judgment in the amount of $187,910.64; pre-judgment interest on that amount at the rate of 9.50% per annum from January 17, 2025 through the date of judgment; $1,690.20 in attorney's fees and $134 in costs incurred; and post-judgment interest at the statutory rate pursuant to 28 U.S.C. § 1961(a), accruing from the date of judgment until the Award is paid in full.

Petitioners are directed to file a proposed judgment within seven (7) days of the filing of this Opinion.

The Clerk of Court is respectfully requested to close this case.

SO ORDERED.

Dated: September 21, 2026

New York, New York

DALE E. HO
United States District Judge